UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANITA GAIL RANSBOTTOM** | **CIVIL ACTION NO.  12-2008** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **FRANKLIN PARISH HOSPITAL SERVICE DISTRICT NO. 1 D/B/A FRANKLIN MEDICAL CENTER** | **MAG. JUDGE KAREN HAYES** |

RULING

Pending before the Court is Defendant Franklin Medical Center's Motion for Summary Judgment. [Doc. No. 8]. Plaintiff Anita Gail Ransbottom ("Ransbottom") filed a Response on May 3, 2013. [Doc. No. 10]. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

**I.    FACTS**

Ransbottom was formerly employed by Franklin Medical Center as a pharmacist and was terminated without notice or a hearing. She admits that she did not have a written contract of employment for a fixed term, that she did not negotiate any of the terms and conditions set forth in the Franklin Medical Center Human Resources Policy Manual ("Policy Manual"), and that she was not a classified civil service employee.

During her term of employment, the Policy Manual was revised, and Ransbottom was provided the revised copy.  The Termination from Employment policy contained in the Policy Manual states, with regard to involuntary separation from employment:

> [I]t is the policy of this hospital to initiate termination of the employer/employee relationship, at its discretion, and when justified.  Methods utilized for this purpose will be executed in a manner which is deemed fair and equitable to all parties

> involved. Proper termination procedures will be carried out by the Human Resources Director.

[Doc. No. 10, Copy of Policy Manual attached to Sworn Statement of Ransbottom].

Following her termination, Ransbottom brought this action against Franklin Medical Center, contending that her due process rights had been violated under Article I, § 2 of the Louisiana Constitution and the Fourteenth Amendment to the United States Constitution.

## II. LAW and ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the

evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

    **B.    Property Interest in Employment under Louisiana and United States Constitutions**

Ransbottom brought this lawsuit, contending that her due process rights under Article I, § 2 of the Louisiana Constitution and the Fourteenth Amendment to the United States Constitution were violated when she was terminated. Franklin Medical Center contends that Ransbottom was employed at will, had no protected property interests in her continued employment, and, thus, was not entitled to due process.

The Fourteenth Amendment to the United States Constitution provides, in pertinent part, "nor shall any state deprive any person of life, liberty or property, without due process of law." Likewise, Article 1, § 2 of the Louisiana Constitution provides "[n]o person shall be deprived of life, liberty, or property, except by due process of law." "Only government employees who can show that they have a property interest in continued employment are entitled to the procedural due process protections of the Fourteenth Amendment." *Rodriguez v. Escalon*, 90 Fed. App'x 776, 778 (5th Cir. 2004); *see also Jones v. S. Univ. and A & M College Sys. Through Bd. of Sup'rs*, 693 So.2d 1265, (La. App. 1st Cir.1997) (state constitution). At-will employees do not have a property interest in continued employment. *Id.* at 779.

State law determines whether a person is employed at will or has a protected property interest in her employment. *See Bishop v. Wood*, 426 U.S. 341, 347 (1976); *Wallace v. Shreveport Mem'l Library*, 79 F.3d 427, 429 (5th Cir. 1996). Under Louisiana law, an employee has a protected property interest in her employment, thus entitling her to constitutional

protections, if she "has a contract for a definite term," the employer "contracted with her to fire her only for cause," or she is a "permanent classified employee[s] under the Louisiana civil service system." *Id.* at 429-30. In contrast, if she is employed at will under Louisiana law, then she "may be terminated at any time, for any reason or for no reason at all, provided the termination does not violate any statutory or constitutional provision." *Gilbert v. Tulane Univ.*, 909 F.2d 124, 125 (5th Cir. 1990); *see also* LA. CIV. CODE ANN. ART. 2747.

Ransbottom admits that she is not a permanent classified employee under the civil service system, that she did not have a negotiated contract of employment for a definite term, and that she was employed at will. However, she contends that the Policy Manual created an implied contract that she would not be terminated except for just cause, and, based on this implied contract, she was entitled to due process.

Louisiana courts do not agree. "There are no Louisiana cases holding that employee manuals, policies, or grievances procedures confer any contractual rights upon employees or create any exceptions to the 'employment at will' doctrine." *Mix v. Univ. of New Orleans*, 609 So.2d 958, 964 (La. App. 4 Cir. 1992); *quoted in Stanton v. Tulane Univ. of La.*, 777 So.2d 1242, 1250 (La. App. 4 Cir. 1/10/01).

Even if the Court were to agree, theoretically, that an employee handbook could create an implied contract under Louisiana law, the undisputed facts in this case do not show that a contract was created. Ransbottom cannot establish that the Policy Manual was a contract created by the mutual consent of the parties, one of the required elements of a contract under Louisiana law. *See Keller v. Sisters of Charity*, 597 So.2d 1113, 1115 (La. App. 2nd Cir. 1992). The Policy Manual was not the result of negotiations between employees and Franklin Medical Center, but

was unilaterally issued by Franklin Medical Center to employees. The language of the involuntary separation policy itself provides that Franklin Medical Center will terminate employment when "justified," but does not define the term. Further, the policy leaves it in the hands of the employer to make "fair and equitable" decisions and for the Human Resources Director to carry out "[p]roper termination procedures." Finally, the Policy Manual contains a disclaimer that its provisions do not modify the at-will status of employees. Under these facts, even if Louisiana law recognized the possibility of an implied contract based on an employee handbook, Ransbottom could not establish that a contract was created in this case.

Accordingly, the Court finds that Ransbottom was employed at will by Franklin Medical Center and had no property interest in continued employment under the Fourteenth Amendment or Article I, § 2 of the Louisiana Constitution. Franklin Medical Center's Motion for Summary Judgment is GRANTED, and her claims are DISMISSED WITH PREJUDICE.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. No. 8] is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this the 13th day of May, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE